UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOSE FLORES-VELAZQUEZ, et al.,<br><br>Petitioners,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondents. | Case No. 2:26-cv-00600-TMC<br><br>ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS |

Petitioners are individuals who entered the United States without inspection years ago, were apprehended by Department of Homeland Security officials in 2025 or 2026, and are detained at the Northwest Immigration and Customs Enforcement Processing Center in Tacoma, Washington. Dkt. 1 ¶¶ 4–17; Dkts. 4-1, 4-3, 4-5, 4-7, 4-9, 4-11, 4-13. Petitioner Erick Serranos Ramos requested a custody redetermination before an Immigration Judge ("IJ"), who denied the request on the basis that Serranos Ramos is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Dkt. 11-1 at 2. In the alternative, the IJ determined that even if he had jurisdiction to consider the request, he would deny bond because Serranos-Ramos had "failed to establish

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 1

that he is not a flight risk." *Id.* The remaining Petitioners have not yet received bond rulings.[1] Dkt. 10 at 4; Dkt. 12 at 1 n.1.

On February 19, 2026, Petitioners filed a petition for writ of habeas corpus, arguing that their mandatory detention violated the Immigration and Nationality Act ("INA") because they were entitled to consideration for release on bond under 8 U.S.C. § 1226(a). Dkt. 1 ¶¶ 35–39. On February 23, Federal Respondents filed a return to the habeas petition. Dkt. 10. Petitioners filed a traverse the next day. Dkt. 12. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition as to Petitioners Jose Flores-Velazquez, Maurilio Medina Ramirez, Jose Mejia Gonzalez, Ismael Montiel Moreno, Roberto Us Chan, and Pablo Vargas Marcos, and DENIES the petition as to Petitioner Erick Serranos Ramos.

## I.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

## II.    DISCUSSION

On September 30, 2025, this Court granted summary judgment to members of a certified Bond Denial Class, defined to include the following individuals:

> All noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

---

[1] Federal Respondents state that Petitioner Roberto Us Chan received a $7,000 bond order in previous immigration proceedings. Dkt. 10 at 4. Petitioners do not seek release based on that prior order. Dkt. 12 at 1 n.1.

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 2

*Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025). The Court issued the following declaratory relief:

> The Court declares that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2). The Court further declares that the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act.

*Id.*

Petitioners argue that their mandatory detention under § 1225(b)(2) is unlawful because they are members of the Bond Denial Class. Dkt. 1 ¶¶ 35–39. While Federal Respondents express their continued disagreement with the Court's order in *Rodriguez Vazquez*, they do not dispute that Petitioners are members of the Bond Denial Class for purposes of this matter. Dkt. 10 at 3.

The Court incorporates the reasoning of *Rodriguez Vazquez* and finds that Petitioners are subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez*, 802 F. Supp. 3d at 1322–36. Petitioners have thus shown that their mandatory detention under § 1225(b) violates the INA. *See* 28 U.S.C. § 2241(c)(3). Habeas relief is warranted for the six Petitioners who have not yet had a bond hearing.

However, Serranos Ramos is not entitled to habeas relief. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Although this Petitioner challenges one basis for his confinement—mandatory detention under § 1225(b)(2)—the IJ's determination that he presents a flight risk is another basis for the "legality of [his] custody." *See id.* In other words, even if Respondents

ORDER GRANTING IN PART AND DENYING IN PART PETITION FOR WRIT OF HABEAS CORPUS - 3

treated him as subject to the discretionary detention regime of § 1226(a), he would remain in detention under that separate finding.

### III.   CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED as to Petitioners Jose Flores-Velazquez, Maurilio Medina Ramirez, Jose Mejia Gonzalez, Ismael Montiel Moreno, Roberto Us Chan, and Pablo Vargas Marcos and DENIED as to Petitioner Erick Serranos Ramos.

2. Within fourteen days of receiving Petitioner Jose Flores-Velazquez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

3. Within fourteen days of receiving Petitioner Maurilio Medina Ramirez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

4. Within fourteen days of receiving Petitioner Jose Mejia Gonzalez's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

5. Within fourteen days of receiving Petitioner Ismael Montiel Moreno's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

6. Within fourteen days of receiving Petitioner Roberto Us Chan's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

7. Within fourteen days of receiving Petitioner Pablo Vargas Marcos's request for a bond hearing, Respondents must either release him or provide him a bond hearing under 8 U.S.C. § 1226(a).

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 25th day of February, 2026.

Tiffany M. Cartwright
United States District Judge